11/6/2020
Mr. Loanzon's application to be relieved as counsel is granted. SO ORDERED.

*[signature: Paul A. Crotty]*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------- x
KIM S. DIAMOND,                              :     CASE NO.:  1:18-cv-10636-PAC
                                             :
        Plaintiff,                           :
                                             :
    v.                                       :
                                             :     DECLARATION OF
WORLD CLASS HOLDING                          :     TRISTAN C. LOANZON
COMPANY, LLC,                                :
                                             :
        Defendant.                           :
------------------------------------------------- :
                                             x

I, TRISTAN C. LOANZON, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1.  I am a partner in the law firm of Loanzon LLP, counsel of record for World Class Holding Company LLC ("WCHC") in the above captioned matter.  I submit this Declaration in support of Loanzon LLP's motion by order to show cause for an order permitting it to withdraw as counsel (assuming that the undersigned is still considered Defendant's counsel given the "conditional" dismissal of this action on December 13, 2019).  No prior application has been made for the relief sought herein.

2.  On January 24, 2019, Loanzon LLP entered a Notice of Appearance to represent World Class Holding Company LLC in this action. On December 13, 2019, the Court dismissed the action based on the parties' advise to the Court that the matter had settled in principle and papers were being drafted. (ECF Doc. No. 23). The undersigned was not involved in drafting, reviewing, or negotiating the settlement agreement because WCHC's in-house counsel exclusively handled the settlement after December 13, 2019. I have been told by Plaintiff's counsel that a settlement agreement was signed by both parties. Unfortunately, WCHC failed to make all

payments that were due pursuant to the terms of the settlement, and Plaintiff's counsel has informed me that <u>Defendant is in default</u>.

3. The negotiation, drafting, and signing of the settlement agreement was handled by WCHC's corporate counsel, Brian Elliott, an attorney admitted in Texas but not New York.

4. Without waiving any attorney client privilege, Loanzon LLP entered into a retainer agreement with World Class Holding Company LLC (dated January 16, 2019), and which agreement required that World Class Holding Company LLC pay the monthly bill presented to them. Loanzon LLP billed hourly and did not include a contingency fee in the agreement.

5. Loanzon LLP engaged in document discovery, drafted numerous letters, and participated in a full-day mediation session.

6. Without waiving any attorney client privilege, I advised WCHC to keep current on the bills from Loanzon LLP. WCHC has not been able to keep current over a period of four months.

7. As of February 27, 2020, WCHC currently owe a certain amount of legal fees and costs to Loanzon LLP, not including the time incurred preparing the instant motion. This is so despite a contractual fee agreement calling for payment within 30 days of receipt of the bill, and despite repeated requests by Loanzon LLP to WCHC for payment of fees and costs.

8. Without waiving any attorney client privilege, I made clear to WCHC, that failure to pay legal fees and costs, and failure to cooperate are grounds for termination of the retainer agreement between Loanzon LLP and WCHC.

9. I estimate that to litigate the case all the way to trial and to verdict will cost approximately $95,000.00 dollars in attorney time for lawyers in my firm, and for costs.

10. Another reason for the instant application is WCHC's failure to respond to my communication regarding its failure to abide by the settlement agreement with Plaintiff. It is puzzling to say the least why WCHC cannot respond to my inquiries about the settlement.

11. Without waiving any attorney client privilege, I am unaware of any current prospect for recovering this outstanding receivable or for receiving substantial payment of any future fees and costs that would be incurred if Loanzon LLP were to continue on as counsel, or for addressing lack of communications between me and WCHC.

Dated:   New York, New York
         February 27, 2020

/s/Tristan C. Loanzon
_____
TRISTAN C. LOANZON